BUSTELO *v.* ESTATE OF GONZÁLEZ.

APPEAL from the District Court of Humacao.

No. 496.—Decided May 6, 1910.

RECOVERY ON NOTES GIVEN IN PAYMENT FOR LAND—DISTURBANCE OF POSSESSION—ALLEGATIONS OF COMPLAINT.—Under the terms of section 1405 of the Revised Civil Code, it is unnecessary to allege in a complaint, wherein it is sought to recover on a promissory note given in payment for land, that the purchaser and debtor under the note has not been disturbed in the possession of his land.

ID.—DISTURBANCE IN POSSESSION—DEFENSE.—Disturbance in the possession of land being a defense for the purchaser of land, from whom it is sought to recover the amount of the promissory note signed by him in payment for the property, it must be pleaded in the answer.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Bustelo Gutmán brought a suit against the Succession of Manuel González to recover the sum of $1,250 and $375 for fees. The principal cause of action was a promissory note wherein the defendants agreed to pay the sum of $1,250 for the value of certain lands at Naguabo; but that the obligation should not be enforceable until an equity suit then pending in the District Court of the United States for Porto Rico, between María Ríos de Rubio and Víctor Burget and others, should be decided in favor of the defendants in that suit.

After an appeal to the Supreme Court of the United States a judgment was finally obtained in favor of the defendants in the equity suit.

The defendants here answered setting up, among other things, that, inasmuch as the amount of the note was the balance of the purchase price of a piece of property in Naguabo sold to defendants, and as the defendants were disturbed in their possession, they were not obliged to pay the deferred amount until the disturbance ceased.

At the trial the defendants did not appear and, after proof, the court rendered judgment in favor of the complainant for the sum of $1,250 and interest from August 20, 1908, and the payment of $200 as fees.

The only question raised on this appeal is that the complaint did not state a cause of action in that it failed to state that the defendants were not disturbed in their possession, and appellant refers us to section 1405 of the Civil Code, which provides as follows:

"Should the vendee be disturbed in the possession or ownership of the thing acquired, or should have reasonable grounds to fear being disturbed by an action for recovery or mortgage suit, he may suspend

the payment of the price until the vendor has caused the disturbance or danger to cease, unless he gives security for the restitution of the price, in a proper case; or should it have been stipulated that, notwithstanding any such contingency, the vendee shall be bound to make the payment."

We do not think that the complaint needed a denial of the disturbance of defendants' possession. Any alleged disturbance was a matter of defense.

Moreover, the defendants pleaded the same defense by way of answer and the case went to issue on this point and judgment was rendered against them and the alleged defect in the complaint was thereby cured. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.